## Clavin v. Stone, etc.

*Stark, Bissell & Reifsnyder*, for plaintiff.
*James D. Stone*, for defendant.

LEACH, P. J., March 29, 1943.—To a plaintiff's statement on a book account for clothing sold and delivered, defendant filed an affidavit of defense, and under "New Matter" set forth that the sale was according to sample and specified many ways in which the goods delivered did not conform to the sample. He also set forth that he had offered to return the goods about two months after the date of the book account.

Thereupon, plaintiff brought a rule for judgment for want of a sufficient affidavit of defense. He contends that, because the variance from the sample is not set forth in the body of the affidavit of defense, he thereupon is entitled to judgment. He further claims that a holding of the goods for two months is not a reasonable time for exercising the option for return.

New matter is a part of the affidavit of defense. It is properly set forth under that heading when the main averments in the statement of claim are admitted. The new matter shows something that would prevent judgment even though the statement of claim was entirely admitted. For that reason the defense is properly set forth, although in the case at bar it need not have been pleaded as new matter. Further, plaintiff's statement does not allege at what date the goods were delivered, and there is nothing on the record to show that an offer to return the goods was not promptly made.

Now, March 29, 1943, rule for judgment for want of sufficient affidavit of defense is discharged.